S. J. AND J. W. WELLS v. M. A. AND J. L. DYER.

TRESPASS TO TRY TITLE—PLEADING.—The plaintiff brought trespass to try title, alleging title to the property, derived by descent from her father. Defendant, after the plea of not guilty, pleaded specially that the said plaintiff, at a time stated, sold all the right, title, and interest that she had in and to the lands belonging to the estate of her said father; "that one A B, then a citizen of Lamar county, became the purchaser of her said interest for the sum of two thou-

sand dollars, and since said sale in said year (1853) the said plaintiff had no legal or equitable interest or claim to any real estate owned by her said father (naming him) in his lifetime." On the trial the defendant offered to prove by a notary that he took, in 1853, the acknowledgment of the plaintiff to a deed conveying all her interest in her father's estate to A B: *Held.* 1. That the testimony should have been admitted; 2. That the plea, in the absence of a special exception to its sufficiency, was good as an averment of outstanding title; 3. The record failing to disclose that the evidence was objected to as secondary in the court below, that objection is not noticed when presented first in the Supreme Court.

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

*Bennett, Ballinger & Bennett,* for appellants, cited Hughes *v.* Lane, 6 Tex., 291; Hooper *v.* Hall, 35 Tex., 82; Paschal *v.* Acklin, 27 Tex., 173; King *v.* Elson, 30 Tex., 252; Hudson *v.* Wheeler, 34 Tex., 366; Rivers *v.* Foote, 11 Tex., 662; Paschal's Dig., art. 1441; Fowler *v.* Davenport, 21 Tex., 632; Paul *v.* Perez, 7 Tex., 338; Paschal's Dig., 5307; Ragsdale *v.* Gholke, 36 Tex., 286; Smith *v.* McGaughey, 13 Tex., 467; Powers *v.* Caldwell, 25 Tex., 352: James *v.* Fulcrod, 5 Tex., 512; Dawson *v.* Miller, 20 Tex., 174; Clayton, Administrator, *v.* Frazier, 33 Tex., 91.

*Hale & Scott,* also for appellants, cited Rivers *v.* Foote, 11 Tex., 662–670; Pillow *v.* Roberts, 13 How., 477; Hudson *v.* Wheeler, 34 Tex., 366.

*Johnson & Minor,* also for appellants.

*W. B. Wright,* for appellees.

*Maxey, Lightfoot & Gill,* also for appellees, cited Hardy *v.* Broaddus, 35 Tex., 686; Wood *v.* Steele, 6 Wall., 80; 1 Smith's Leading Cases, 952, and authorities cited; Rivers *v.* Foote, 11 Tex., 662; Paschal's Dig., art. 1003.

GOULD, ASSOCIATE JUSTICE.—Mrs. Dyer, joined by her hus-

band, brought this suit of trespass to try title for an undivided half interest in lot No. 1, block No. 3, in the city of Paris, alleging ownership and possession thereof by her father, John Johnson, deceased, and its regular allotment to her in the partition of his estate in the year 1853. The defendants, in addition to the plea of not guilty and other special pleas, which it is not material to notice, also answered as follows: "But these defendants further charge and allege that long before the institution of this suit, to wit on the —— day of ——, A. D. 1853, the said Martha A. Dyer, then Martha A. Taylor, sold all the right, title, and interest that the said Martha A. had in the lands belonging to the estate of her father, John Johnson; that one John D. Thomas, then a citizen of Lamar county, became the purchaser of her said interest for the sum of two thousand dollars, and since said sale in said year, A. D. 1853, the said Martha A. has had no legal or equitable interest in or claim to any real estate owned by the said John Johnson in his lifetime."

On the trial the defendant offered in evidence the depositions of N. G. Wyott, to the effect that in the spring of 1853 he was a notary public, and as such took the acknowledgment of Granville Taylor, as well as the separate acknowledgment of his wife, Martha A., (now Mrs. Dyer,) to an instrument, signed by each of them, conveying the whole interest of said Martha in her father's estate to John D. Thomas. This, as well as other evidence to establish the alleged sale to Thomas, was excluded by the court, because, as recited in the bill of exceptions, "said special plea as to the alleged sale by Martha Dyer was not sufficient to admit such proof, nor was it admissible under the plea of 'not guilty.'" Whilst the plea, which the court held insufficient to admit of proof, may have been defective on special exception, we think, in the absence of such exception, it was sufficient, as an averment of an outstanding legal title in Thomas or his estate to whatever interest Mrs. Taylor received from her father's estate. It requires no great liberality of construction to hold it as aver-

ring such a sale as conveyed the legal and equitable interest of Mrs. Taylor in the lot in controversy. The evidence of Wyott was for the purpose of establishing the execution and acknowledgment in due form of such a legal conveyance.

The record does not disclose any objection to this evidence as secondary, and we must assume that no such objection was made. The depositions of Wyott, and other testimony offered to prove the sale to Thomas, were erroneously excluded, and this error will require a reversal of the cause. There are other questions discussed, but it is probable that on another trial the pleadings will be so amended that some of them at least will scarcely again arise, and it is deemed proper to dispose of the case without passing on any other point, referring to the opinion this day delivered in the case of Shields v. Hunt.

REVERSED AND REMANDED.